UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLOS BEARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6633** |
| **MARLIN GUSMAN, ET AL.** | **SECTION "H"(1)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (R. Doc. 20). For the following reasons, Defendant's Motion is GRANTED, and Plaintiff's case is DISMISSED.

### BACKGROUND

Plaintiff Carlos Beard, appearing *pro se*, brings claims against Sheriff Marlin Gusman and unidentified members of the Orleans Parish Prison ("OPP") medical staff for injuries he sustained while he was incarcerated at the OPP. Plaintiff alleges that he injured his back and neck when he fell from the top bunk of his bed. He alleges that the officer on duty delayed calling for medical

1

assistance, that when members of the medical staff arrived they were indifferent to his condition, and that he was further injured when he had to be removed from his cell in a blanket because the stretcher would not fit into the cell. Specifically, his Complaint alleges that the medical staff attempted to intimidate him into standing up through the use of expletives, despite the fact that Plaintiff was in excruciating pain.

Defendant attached Plaintiff's medical file to this Motion, and it indicates that Plaintiff was evaluated by a doctor at LSU Hospital on the day of the fall, given an x-ray, and diagnosed with musculoskeletal pain. Plaintiff also had several follow-up evaluations at the OPP and was given pain medication on multiple occasions.

Defendant Gusman has filed the instant Motion for Summary Judgment asserting the following grounds for dismissal: (1) Defendants did not fail to meet Plaintiff's medical needs because they were not deliberately indifferent; (2) Plaintiff's attempt to name the OPP Medical Staff as a defendant is improper because it is not a juridical entity capable of being sued; (3) Plaintiff has not exhausted his administrative remedies because he has presented no evidence that he asserted his complaint in the grievance procedure at the OPP; (4) Sheriff Gusman cannot be sued in his official capacity because Plaintiff has identified no unconstitutional policy or procedure; (5) Sheriff Gusman cannot be sued in his individual capacity because he is not alleged to have played any role in the incident; (6) Plaintiff does not have the constitutional right to pleasant and polite interactions with medical personnel, only the right to medical care; and

(7) Sheriff Gusman is entitled to qualified immunity.

At a status conference, Plaintiff alerted the Court that he had not received a copy of Defendant's Motion. Accordingly, this Court ordered that a copy be sent both to the prison at which Plaintiff was housed and his future home address. This Court ordered that Plaintiff file any opposition to Defendant's Motion within three weeks from the conference. Despite this leniency, Plaintiff has offered no opposition to this Motion. This does not, however, mean that the Court may grant the Motion as unopposed. Rather, the Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1] Accordingly, the Court has carefully considered this Motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the

---

[1] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) ("[The] failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint."); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

---

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Plaintiff asserts that the medical staff at the OPP was deliberately indifferent to his medical needs and thus violated his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. "[P]rison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain."[10]

> To be actionable, the detention officers' conduct must demonstrate subjective awareness of a substantial risk of serious harm and a failure to take reasonable measures to abate this risk. The "deliberate indifference" standard, however, is not an obligation for government officials to comply with an optimal standard of care. Rather, it is an obligation not to disregard any substantial health risk about which government officials are actually aware. [A] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required. Disagreements with diagnostic measures are insufficient to give rise to a claim of deliberate indifference to medical needs.[11]

This Court will address each of Plaintiff's grievances in turn.

First, Plaintiff alleges that the officers at the OPP were deliberately indifferent to his injury because they procrastinated before calling for medical assistance after his fall. The Fifth Circuit has held that "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate

---

[10] *Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014).

[11] *Kitchen v. Dallas Cnty., Tex.*, 759 F.3d 468, 482 (5th Cir. 2014).

indifference, which results in substantial harm."[12]  In *Irugeas v. Poe*, the Fifth Circuit held that the plaintiff did not establish that the defendants were deliberately indifferent because he did not show that he was harmed by the delay in treatment, despite the fact that he was ordered to return to his cell after falling down a flight of stairs and was not provided medical attention until later that day.[13]  Here, Plaintiff has likewise not shown that any harm resulted in the delay.  Indeed, he was taken to LSU Hospital and seen by a physician on the same day as his accident.

Plaintiff next complains that after his fall, members of the medical staff tried to "intimidate [him] into getting up off the floor."  Specifically, he claims they shouted, "Get up! Ain't nothing wrong with your [expletive]."  Although these comments were clearly insensitive, "being callous or rude in the context of medical care does not an Eighth Amendment violation make."[14]  The Fifth Circuit has stated that "rudeness or lack of compassion alone are insufficient to support a cause of action" under section 1983.[15]  "There is no constitutional right to be spoken about with sensitivity.  Moreover, all of the medical care that the defendants were qualified or authorized to provide was performed."[16]  Therefore, this Court holds that the officers' insensitive comments do not rise to the level

---

[12] *Iruegas v. Poe*, 374 Fed. Appx. 513, 517 (5th Cir. 2010).

[13] *Id.*

[14] *Robinson v. Bossier Parish Sheriff*, No. 08-333, 2010 WL 456774, at *5 (W.D. La. Feb. 3, 2010).

[15] *Atkins v. Lofton*, 373 F. App'x 473, n.1 (5th Cir. 2010).

[16] *Frederick v. Pittman*, No. 4:09-CV-1455, 2014 WL 4729407, at *8 (S.D. Tex. Sept. 23, 2014) (internal citations omitted).

of deliberate indifference.[17]

Lastly, Plaintiff's Complaint alleges that he was further injured after his fall when the OPP's medical staff chose to carry him to the ambulance on a blanket because the stretcher could not fit into the "tent" to reach him. In *Atkins v. Lofton*, the Fifth Circuit held that arguably worse facts were insufficient to constitute an Eighth Amendment claim.

In *Atkins*, the Plaintiff slipped and fell in his cell and injured his back. He alleges that in response:

> A team of deputies showed up with a backboard and a nurse, and they asked Plaintiff to get on the board. Plaintiff said he could not do so, and one of the deputies grabbed him and pulled him from his mattress to the floor and then onto the board. The deputies started moving Plaintiff, but the backboard fell and hit the floor. Plaintiff alleges that the deputies treated him roughly and laughed.[18]

The Fifth Circuit held that the plaintiff had not established that the defendants were deliberately indifferent to his medical needs because he did not show that they intended for him to fall from the stretcher or be injured.[19] "At most, his unfortunate fall from the stretcher was the result of the [Emergency Response Team's] carelessness or negligence, neither of which constitute deliberate

---

[17] *See Edwards v. Kukua*, No. 09-147, 2010 WL 4806862, at *6 (S.D. Tex. Sept. 24, 2010) report and recommendation adopted, No. 09-147, 2010 WL 4791802 (S.D. Tex. Nov. 18, 2010) ("Plaintiff claims that Defendant employed abusive and insulting language to him during the course of treatment. . . . Accepting Plaintiff's pleadings as true, Defendant's comment was an insensitive and unprofessional remark delivered to a patient experiencing tremendous pain and suffering. It does not, however, rise to the "extremely high standard" required of deliberate indifference claims. Indeed, verbal abuse is not actionable pursuant to § 1983." (internal citations omitted)); *Robinson*, 2010 WL 456774, at *5.

[18] *Atkins v. Lofton*, No. 06-CV-0785, 2009 WL 799694, at *1 (W.D. La. Mar. 25, 2009).

[19] *Atkins*, 373 F. App'x at 473.

7

indifference."[20]

Here too, there is no indication in the record that the medical staff at the OPP intended to further injure Plaintiff by carrying him in a blanket, rather than a stretcher. In fact, it appears that they did the best they could to accommodate Plaintiff's medical needs. Any negligence on their part does not rise to the level of deliberate indifference.

Accordingly, this Court holds that Plaintiff has not proven that his Eighth Amendment constitutional rights were violated by the staff of the OPP. The evidence indicates that he received prompt medical attention and continued treatment after the accident. There is no indication that the staff of the OPP was deliberately indifferent to Plaintiff's condition. "The 'deliberate indifference' standard . . . is not an obligation for government officials to comply with an optimal standard of care."[21] Because this Court holds that Plaintiff has not shown a constitutional violation, it need not discuss Defendant's other arguments for dismissal.

---

[20] *Id.*

[21] *Kitchen*, 759 F.3d at 482.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED, and Plaintiff's case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 2nd day of February, 2015.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**